Filed 7/26/24  In re B.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| In re B.W. et al., Persons Coming Under the Juvenile Court Law. | C099915 |
| TEHAMA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>T.M.,<br><br>        Defendant and Appellant. | (Super. Ct. Nos. 21JU-000069, 21JU-000070) |

Mother T.M. (mother) appeals from the juvenile court's November 7, 2023, order terminating mother's parental rights and freeing minors B.W. and T.S. (collectively, the minors) for adoption.[1]  (Welf. & Inst. Code, § 366.26.)[2]  Mother argues the initial inquiry

---

[1]     Neither the presumed father of B.W. nor the presumed father of T.S. are parties to this appeal.

[2]     Undesignated statutory references are to the Welfare and Institutions Code.

under the Indian Child Welfare Act of 1978 (ICWA) by the Tehama County Department of Social Services (the Department) was insufficient because, although T.S.'s presumed father B.S. claimed to have Native American ancestry, the Department failed to follow up with him or contact known relatives to inquire whether they knew of possible Native American ancestry. (25 U.S.C. § 1901 et seq.; § 224.2.) Mother further argues the Department filed insufficient ICWA notices. We agree further ICWA compliance is warranted.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2021, the Department filed petitions alleging that the minors came within the provision of section 300, subdivision (b)(1), failure to protect.

*ICWA Inquiries and Findings in Prior Dependency Cases*

In a prior dependency case involving B.W., it was determined that B.W. was not a Native American child, and the Department asked the court to take judicial notice of the case. During that prior dependency case, mother, maternal grandmother, B.W.'s father, and B.W.'s paternal grandmother each told the social worker in February 2020 that there was no known Native American heritage on their respective sides of the family.

In a previous dependency case involving the biological children of T.S.'s father who were alive in 2013 (i.e., not T.S.), it was found that those other children did not have Native American ancestry. The Department asked the court to take judicial notice of this prior case.

*ICWA Inquiries and Findings in Current Case*

In September 2021, T.S.'s paternal aunt, K.I., told the social worker there was no known Native American ancestry in her family. Later that month, mother and T.S.'s father each informed the court there was no known Native American ancestry. The juvenile court found the ICWA did not apply.

In October 2021, T.S.'s father stated on a Parental Notification of Indian Status (ICWA-020) form that he thought T.S. had Cherokee and Choctaw heritage, from either

2

Alabama, Mississippi, Louisiana, Tennessee, or North Carolina. His grandparents had told him that his great-grandparents were either Cherokee or Choctaw. T.S.'s father provided the names of paternal grandparents (S.S. and H.S.), said they were not enrolled tribe members, and said he did not know the names of paternal great-grandparents.

In November 2021, the Department sent ICWA notices (ICWA-030) on T.S.'s behalf to the Bureau of Indian Affairs, three Cherokee tribes (Eastern Band of Cherokee Indians, United Keetoowah Band of Cherokee, and Cherokee Nation), and three Choctaw tribes (Choctaw Nation of Oklahoma, Mississippi Band of Choctaw Indians, and Jena Band - Choctaw). The notices included (1) T.S.'s name and date of birth, (2) mother's name, address, birthdate, (3) the name of T.S.'s father, his address, birthdate, and place of birth, and (4) the names of T.S.'s paternal grandparents (with no Native American heritage noted). The Department did not send a copy of T.S.'s birth certificate because it was unavailable. The Department failed to send a copy of the notices to either mother or T.S.'s father.

Between November 2021 and January 2022, the Eastern Band of Cherokee Indians, Mississippi Band of Choctaw Indians, Choctaw Nation of Oklahoma, Cherokee Nation, and United Keetoowah Band of Cherokee Indians each responded that T.S. was ineligible for enrollment.

During the December 2021 disposition hearing, the juvenile court again found the ICWA did not apply. Citing this ruling, the May 2022 status review report states that the ICWA "does not apply."

Throughout the case, the social worker interacted with certain family members but did not ask about Native American ancestry. The social worker met with T.S.'s paternal aunt, T.I. to inquire about placing the children with her family, but they never discussed whether T.S. might have Native American ancestry. The social worker also spoke with T.S.'s adult paternal cousin, H.I., about placement, but did not ask about possible Native American ancestry. The social worker similarly failed to ask maternal grandfather, T.M.,

3

about possible Native American ancestry, even though the social worker spoke with him during the case and even sent him notice of the section 366.26 hearing. In addition, when the social worker finally spoke with B.W.'s father for the first time in this case in January 2023, the social worker discussed an upcoming scheduled hearing instead of asking about potential Native American ancestry.

In November 2023, the juvenile court terminated all three parents' parental rights. Mother timely appealed.

## DISCUSSION

"The ICWA defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.) "[F]rom the [Department]'s initial contact with a minor and his [or her] family, [section 224.2] imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the [Department] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041,

1052.)  Section 224.2, subdivision (b) provides:  "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child."  We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence.  (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Here, the Department failed to exercise due diligence in inquiring of multiple known paternal and maternal relatives regarding the minors' ancestry, including maternal grandfather, T.S.'s paternal aunt, T.I., and T.S.'s paternal cousin, H.I.  In addition, when the social worker spoke with B.W.'s father for the first time in this case in January 2023, the social worker never asked about Native American ancestry, even though it had been nearly three years since someone from the Department had spoken with him.  Finally, when T.S.'s father changed his statement and informed the Department that T.S.'s paternal great-grandparents had said there was Native American ancestry in the family, the record does not indicate that the social worker took steps to contact T.S.'s paternal family about the potentially new information, including T.S.'s paternal aunts, cousin, grandparents, or great-grandparents.  Indeed, it does not appear that the Department continued to conduct any inquiry after the juvenile court found in December 2021 that ICWA did not apply.

The Department's failures resulted in an incomplete inquiry under the ICWA by the juvenile court, requiring remand.  Given our findings, we need not address whether the ICWA notices sent out by the Department were adequate.  Instead, we will conditionally affirm the juvenile court's orders and remand for further ICWA proceedings consistent with this opinion.  We expect all involved entities will cooperate to ensure that the ICWA proceedings and their documentation are thorough.  (See *H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965-966 [describing this court's

5

expectations of counsel, the juvenile court, and the Department on remand for ICWA compliance].)

## DISPOSITION

The orders terminating parental rights are conditionally affirmed for all three parents subject only to full compliance with the ICWA as described in this opinion. If, on remand, the juvenile court determines the minors are Indian child within the meaning of the ICWA, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).)

                                                   /s/

                                             EARL, P. J.

We concur:

    /s/

HULL, J.

    /s/

FEINBERG, J.